DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Russell Brooks, defendant below and appellant herein, entered a guilty plea to the charge of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331, a third degree felony. Appellant raises the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE TRIAL COURT VIOLATED RUSSELL BROOK'S RIGHT TO DUE PROCESS, UNDER THE FIFTH AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION, AND ERRED AS A MATTER OF LAW, WHEN IT SENTENCED HIM TO GREATER THAN THE MINIMUM PRISON TERM DESPITE THE FACT THAT HE HAD NOT PREVIOUSLY SERVED A PRISON TERM. [SENTENCING JOURNAL ENTRY; T.R. 85-86]"
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "RUSSELL BROOKS WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO HIS SENTENCE, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 4} On November 17, 2001, Ohio State Highway Patrol Trooper S.W. Roe observed a speeding vehicle. Trooper Roe activated his pursuit lights, but the vehicle did not stop. Rather, the driver exited the highway, drove into a nearby field and drove in circles. The driver then drove out of the field, past Trooper Roe, and onto the highway. Trooper Roe did note the vehicle's plate number, registered in appellant's name, and the vehicle's description.
 {¶ 5} Later that evening, Trooper Roe learned that appellant had been involved in an accident. While appellant received medical treatment in an ambulance, Ohio State Highway Patrol Sergeant Jeffrey Skinner questioned appellant. Also, Trooper Roe questioned appellant after he arrived at the hospital.
 {¶ 6} Subsequently, the authorities charged appellant with the failure to comply with an order or signal of a police officer, a third degree felony. Appellant entered a guilty plea and received a two year prison sentence. Appellant filed a timely notice of appeal.
 {¶ 7} In his first assignment of error, appellant asserts that he should not have received a prison term greater than the minimum prison term. In particular, appellant contends that the trial court "did not specifically overcome the presumption in favor of the shortest prison term by finding that the shortest prison term could demean the seriousness of his conduct, or adequately protect the public from future crime, in violation of Mr. Brooks' right to due process and R.C. 2929.14(B)." Appellant notes that he has not previously served a prison sentence. Appellant further notes that in State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131, 1999-Ohio-110, the Ohio Supreme Court held that courts must first consider imposing the minimum sentence, and if the court wishes to depart from the statutory minimum sentence, it must find on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14. Thus, appellant contends that in the case sub judice the trial court "failed to specifically find on the record that it overcame the minimum sentence presumption for a defendant sentenced to prison for the first time, as required by 2929.14(B)." Appellant points out that the available prison terms in the instant case are 1, 2, 3, 4 or 5 years. See R.C. 2921.331(B) and 2929.14(A)(3).
 {¶ 8} Appellee candidly concedes that the trial court did not make the required finding regarding the minimum sentence and points out that some confusion existed as to the actual minimum sentence for appellant's offense. Appellee notes that in light of the apparent confusion regarding the minimum sentence, the trial court's judgment should be reversed and the case remanded for further proceedings.
 {¶ 9} After our review of the record and the appellate briefs, and in view of both parties' request that we reverse the trial court's sentencing order, we hereby reverse the trial court's judgment with respect to the prison sentence. Accordingly, we hereby sustain appellant's assignments of error, reverse the trial court's judgment and remand this cause for resentencing consistent with the myriad statutory requirements set forth in the Ohio Revised Code.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded for further proceedings. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.